# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| PAUL KOSIEROWSKI § | |
| § | |
| v. § | SA-09-CV-584-XR |
| § | |
| WILLIAM FITZGERALD § | |

## ORDER

On this day came on to be considered Defendant's motion for summary judgment (doc. no. 32) and Defendant's motion to exclude (doc. no. 33).[1]

## Background

Paul Kosierowski (Plaintiff) was formerly employed as the deputy chief of the Bexar County Community Supervision and Corrections Department. He alleges that he was discharged in retaliation for exercising his rights under the Family and Medical Leave Act (FMLA). He brings this lawsuit against his employer (the Bexar County Community Supervision and Corrections Department), his supervisor, former Chief Probation Officer William Fitzgerald, in both his official and individual capacities, and Kathleen Cline, the former Director of Operations, in both her official and individual capacities.

Plaintiff was hired by Fitzgerald in 2004. From 2004 through 2008, Plaintiff received various

---

[1] Defendant seeks to exclude various changes Plaintiff made to his deposition testimony inasmuch as the changes were made after the thirty day period contemplated by Fed. R. Civ. P. 30(e) and no reasons were given for the changes. Plaintiff responds that he does not rely upon any of the changes in his response to the motion for summary judgment. Accordingly, the motion to exclude is dismissed as moot.

correspondence from Fitzgerald on occasions praising his work and on other occasions expressing displeasure. In 2006, he received what he thought was an inadequate performance evaluation.[2] On or about June 14, 2006, Fitzgerald told Plaintiff that he was no longer being titled "deputy chief", but would be the "budget director."[3] Plaintiff complained about this perceived demotion and Fitzgerald kept him in the deputy chief position.[4]

On November 9, 2007, probation officer and union president Sheri Simonelli complained that she was verbally assaulted by Kosierowski and another supervisor, Ray Jimenez.[5] Simonelli filed an incident report with the San Antonio Police Department regarding the incident.[6]

In January of 2008, Plaintiff alleges that he informed the human resources manager, Leticia Esquivel, that he was going to require groin surgery at some point and that he would be requesting FMLA leave.[7] He alleges that he was "afraid" that he would suffer consequences if he took FMLA leave.[8] Allegedly, Ms. Esquivel told him that he needed to do what was "best for you."[9] Sometime in 2008, Plaintiff alleges that he also informed Fitzgerald about the need to undergo a hernia surgery. Fitzgerald responded that he had also undergone hernia surgery, that it was not an easy recovery and was supportive.[10]

On March 10, 2008, Simonelli filed a charge of discrimination with the EEOC complaining

---

[2] Plaintiff's Depo at p. 51.

[3] Plaintiff's Depo at p. 60. See also D-00100, email from Fitzgerald to Plaintiff.

[4] Plaintiff's Depo at p. 63.

[5] See D-00111, employee grievance.

[6] See D-00112.

[7] Plaintiff's Depo at pp. 140-141.

[8] Plaintiff's Depo at p. 141.

[9] Plaintiff's Depo at p. 143.

[10] Plaintiff's Depo at pp. 152-153.

2

about the November 9, 2007 incident and alleging sex discrimination and retaliation.[11]

On April 30, 2008 Fitzgerald met with the Bexar County District Attorney and an official from the Texas Department of Criminal Justice. They discussed the Department's revocation rate for probationers as excessive, and an inadequate return on state money supplied to support a progressive-sanctions model of community supervision. Fitzgerald decided he needed to discharge Plaintiff.[12]

On May 1 and 5, 2008, Fitzgerald and Cline met with Shawn Fitzpatrick, the Department's outside counsel, to discuss discharging the Plaintiff from his employment.[13] Fitzgerald announced his intention to terminate Plaintiff on May 8, but decided to wait on implementing his decision until Plaintiff had his surgery and recovered.[14]

On May 10, 2008, Plaintiff's physician completed a Certification of Health Care Provider form stating that Plaintiff would undergo hernia surgery on May 15, 2008, would be out of work from May 15 through June 8, 2008, and could return to work on June 9, 2008.[15] Apparently the surgery was scheduled initially for sometime on May 11 and was rescheduled. Plaintiff alleges that when he told Fitzgerald about the initial surgery date, Fitzgerald was upset because that date was the same date the Director of the Criminal Justice Assistance Division was visiting the office and Plaintiff was responsible for coordinating her visit.[16] Plaintiff alleges he told various individuals,

---

[11] See D-00114.

[12] See Exhibit A to Defendant's motion for summary judgment, Affidavit of H. William Fitzgerald.

[13] See Exhibit A to Defendant's motion for summary judgment, Affidavit of H. William Fitzgerald. See also Exhibit B, Affidavit of Shawn Fitzpatrick and related time entries.

[14] Exhibit A to Defendant's motion for summary judgment, Affidavit of H. William Fitzgerald.

[15] Exhibit 18 to Plaintiff's Deposition.

[16] Plaintiff's Depo at pp. 116-117, 120-121.

including Fitzgerald, that he was going to need surgery and was taking FMLA leave.[17]

While Plaintiff was recovering from his surgery, the Simonelli EEOC charge was ultimately settled with one condition being that Kosierowski sign a letter of apology. On June 5, 2008, Ms. Esquivel went to Plaintiff's home and delivered the apology letter to Kosierowski for his signature. Kosierowski complained that he was not consulted about this apology requirement[18] and signed the letter with the notation "per directive of Chief Fitzgerald I am signing this document."[19] Plaintiff alleges that Fitzgerald was upset with him because of his notation.

Plaintiff was expected to return to work on June 9, but was unable to do so because his wife suffered various injuries while horse back riding on June 6 or 7.[20] Plaintiff returned to work on June 11[21] and according to his time records he worked full-time from June 11 through June 30.[22]

On *June 25*, 2008, Plaintiff allegedly completed a Bexar County Request for FMLA form. In that form he requested a leave of absence from *May 14* through *June 11*.[23] Plaintiff's wife returned to her employment on June 12.[24] Her return to work notwithstanding, Plaintiff also requested two months of intermittent leave or reduced work schedule beginning June 11 to assist his

---

[17]Plaintiff's Depo at pp. 108-109, 113-114.

[18]Plaintiff's Depo at pp. 102, 104.

[19]See D-00122.

[20]Plaintiff's Depo at p. 125.

[21]Plaintiff's Depo at p. 154.

[22]See D-000130. Plaintiff asserts that he did assist his wife during this time period taking her to doctor appointments but that he either arrived early to work or stayed late to make up any hours.

[23]Plaintiff alleges that Ms. Esquivel told him he could put both leaves on one form. Plaintiff's Depo at p. 192.

[24]Plaintiff's Depo at pp. 180-181.

wife with transportation to her work and doctor appointments.[25] This June 25 form already had Fitzgerald's signature pre-printed under the approval block.[26] The Department's human resource personnel state they never received this form from Plaintiff.

Plaintiff was discharged effective July 2, 2008, but was paid through July 24, 2008.[27] Plaintiff alleges that he was not given any reason for his discharge other than he was an at-will employee.[28]

On July 7, 2008, Plaintiff filed an application for unemployment benefits with the Texas Workforce Commission.[29] In that application he acknowledged that he was available for full-time employment.[30]

Thereafter, he obtained employment with Fiesta Supermarket, but resigned. He then obtained employment with New Balance, but again quit his employment there after a short period of time. He has not sought employment since that time.[31] He has received since 2003, and continues to receive, a pension from the State of Arizona as a result of his previous employment there in various capacities.[32] He currently describes himself as retired from employment.[33]

---

[25] Exhibit 20 to Plaintiff's Deposition.

[26] See Exhibits 20 and 21 to Plaintiff's Deposition.

[27] Exhibit 22 to Plaintiff's Deposition.

[28] In response to an interrogatory, Fitzgerald stated that Plaintiff was terminated because of job performance issues and Fitzgerald's judgment that the Department needed to be strengthened.

[29] Exhibits 24 and 25 to Plaintiff's Deposition.

[30] Exhibit 25 to Plaintiff's Deposition.

[31] See Plaintiff's Depo at pp. 11-12.

[32] Plaintiff's Depo at pp. 19, 21.

[33] Plaintiff's Depo at pp. 23-24.

**Defendant's Motion**

Defendant argues that to the extent Plaintiff is alleging that he was denied leave for his own medical needs, it is uncontested that he took sick leave for those absences and was paid for those absences. The Defendant argues that although this leave was not considered FMLA leave, because Plaintiff had not made any such request, he has not suffered any denial of benefits. Defendant also asserts that in any event the Eleventh Amendment bars any self-care FMLA claim. *See Nelson v. Univ. of Texas at Dallas*, 535 F. 3d 318 (5th Cir. 2008).

With regard to any claim that he sought intermittent FMLA leave to care for his spouse, Defendant argues that despite Plaintiff's contentions, he did not submit his June 25 request for FMLA and made no verbal request for such leave. Defendant argues that Plaintiff is estopped[34] from arguing that he requested leave and took such leaves inasmuch as his own time records demonstrate that he was working full 40 hour weeks during this time frame. Indeed, Defendant argues that Plaintiff had 145 hours of paid sick leave that he could have used and did not during this time frame. In further support of its estoppel theory, Defendant argues that Plaintiff represented to the Texas Workforce Commission that he was able to engage in full-time work during the relevant time frame.[35]

With regard to any retaliation claim, Defendants argue that Plaintiff fails to establish that there was any causal connection between his discharge and any alleged protection he sought under the FMLA. In the alternative, Defendants argue that they have established legitimate, non-retaliatory reasons for Plaintiff's discharge and Plaintiff has failed to rebut.

Fitzgerald and Cline argue that with regard to the individual claims asserted against them,

---

[34]Defendant relies upon *McClaren v. Morrison Management Specialists, Inc.*, 420 F. 3d 457 (5th Cir. 2005).

[35]In light of the granting of summary judgment on other grounds, the Court does not further address Defendant's estoppel theory.

they are entitled to qualified immunity. Alternatively, Fitzgerald and Cline argue that Plaintiff has failed to establish the elements of his retaliation claim against them in their individual capacities as described above.

In the event that any of Plaintiff's claims survives summary judgment, Defendants assert that Plaintiff has failed to mitigate his damages as a matter of law since June 2010. In addition, Defendant argues that as a matter of law, reinstatement is not feasible because it would require the ousting of an existing managerial position.

**Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248; *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact is "material" if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248; *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its initial burden, the nonmoving party "must ... set out specific facts showing a genuine issue for trial." *Fed. R. Civ. P. 56(e)*; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). To avoid summary judgment, the nonmoving party must adduce admissible evidence that creates a fact issue concerning the existence of every essential component of that party's case and unsubstantiated assertions of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The opposing party cannot establish a genuine issue of material fact by resting on the mere allegations of the

pleadings. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). The Court reviews all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

**Analysis**

Plaintiff has only pled a retaliation claim and does not assert in his response to the motion for summary judgment any other claims under the FMLA. Accordingly, the Court will limit this order to that claim.

To make a prima facie case for retaliation under the FMLA, a plaintiff must show that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and either (3a) that he was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because he took FMLA leave. *Wilson v. Noble Drilling Services, Inc.*, 2010 WL 5298018 (5th Cir. Dec.23, 2010).

If Plaintiff states a prima facie case, the burden then shifts to the Defendants to articulate non-discriminatory reasons why Plaintiff was terminated. *Mauder v. Metropolitan Trans. Auth. of Harris County, Texas*, 446 F.3d 574, 580 (5th Cir. 2006). The burden would then shift back to Plaintiff who must show by a preponderance of the evidence that the reasoning presented by the defendants is a pretext for retaliation. *Id.*

Assuming arguendo that Plaintiff was protected under the FMLA and he therefore meets the first two elements of his claim, Plaintiff has failed to establish the third element of his claim. He does not argue that he was treated less favorably than an employee who had not requested leave under the FMLA. He also fails to establish that he was discharged because[36] he took any FMLA

---

[36]The Defendants contend that the "sole motive" test is applicable in this case. Plaintiff appears to argue that the "mixed-motive framework" is applicable in this case. The Supreme Court's opinion in *Gross v. FBL Financial Services, Inc.*, --- U.S. ----, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009) raises the question of whether the mixed-motive framework is available to plaintiffs alleging discrimination outside of the Title VII framework. Regardless of which test applies, Plaintiff cannot meet either standard.

leave. He argues that he was discharged while on approved intermittent leave[37] and there is a close temporal proximity between use of his leave and his discharge. He also argues that the Defendants never gave him a reason for his discharge and then allegedly changed their positions during the course of this litigation and these alleged inconsistent positions preclude summary judgment.

The Defendants have established, however, that the decision to discharge Plaintiff on April 30, 2008 was made without regard to any alleged verbal inquiry about FMLA made in January 2008. Further, the Defendants have established that the decision to discharge Plaintiff was made prior to the alleged May 11 notice to take FMLA leave. Otherwise, Plaintiff only provides his subjective belief that Fitzgerald was upset that he was going to be absent during the visit of the Director of the Criminal Justice Assistance Division. Subjective belief, however, is insufficient to defeat a summary judgment motion. *Grubb v. Southwest Airlines*, 296 Fed. Appx. 383, 390 (5th Cir. 2008).

Even assuming Plaintiff established a prima facie case, the Department and Fitzgerald have articulated non-discriminatory reasons why Plaintiff was terminated.[38] Accordingly, the burden shifts back to Plaintiff, who must show by a preponderance of the evidence that the reasoning presented by the defendant is a pretext for retaliation. He argues that close temporal proximity between his protected activity and his termination shows that the Defendants' stated reasons are pretextual. However, while courts in this Circuit "have recognized that [c]lose timing between an employee's protected activity and an adverse action may provide the 'causal connection' necessary

---

[37]The Court assumes for purposes of this motion that Fitzgerald approved the intermittent leave request.

[38]Assuming there is individual liability under the FMLA for supervisors, *see Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006), the Court finds that Plaintiff has not established that Cline "exercised sufficient control over Plaintiff's ability to take protected leave to qualify as [an] employer[ ] under the FMLA." *See Trevino v. United Parcel Service*, 2009 WL 3199185 (N.D. Tex. 2009). Alternatively, Plaintiff admits he never talked with Cline about his surgery or FMLA requests and presents no evidence that she retaliated against him because he exercised any FMLA rights. See Plaintiff's Depo at p. 124. Accordingly, summary judgment is granted in favor of Cline on all of Plaintiff's claims asserted against her in her individual capacity.

to establish a prima facie case of retaliation, *Swanson*, 110 F.3d at 1188, suspicious timing alone is insufficient to establish pretext. *See id.*; *see also Robertson v. Alltel Info. Servs.*, 373 F.3d 647, 656 (5th Cir. 2004)." *Wilson v. Noble Drilling Services, Inc.*, 2010 WL 5298018 (5th Cir. 2010). Plaintiff also asserts that the Defendants have proffered inconsistent reasons for his discharge and therefore he has established pretext. A court may infer pretext where a defendant has provided inconsistent or conflicting explanations for its conduct. *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 594 (5th Cir. 2007). However, in this case the Defendants have not provided inconsistent reasons. In the letter discharging Plaintiff, he was merely advised that his at-will employment was being terminated. Subsequently, during the course of this litigation specific and consistent reasons were given for the discharge.[39] Finally, Plaintiff acknowledged in his deposition that there was workplace friction in the Probation Department and that he "probably was a contributing factor and involved in it, because many things were said about me that weren't true, that were taken to be true."[40]

In summary, Plaintiff has failed to establish a prima facie case of FMLA retaliation. Alternatively, he has failed to rebut his employer's articulated non-discriminatory reasons for his discharge. Accordingly, summary judgment is granted in favor of the Defendants.[41]

**Conclusion**

Defendant's motion for summary judgment (doc. no. 32) is GRANTED. Defendant's motion

---

[39]Plaintiff argues that Cline gave an inconsistent reason for Plaintiff's discharge in another lawsuit. Cline merely stated that Plaintiff "was an at-will employee. And we received notification that his services were no longer desired, or whatever." Cline Depo at p. 33. This is not an inconsistent statement.

[40]Plaintiff's Depo at p. 145.

[41]In light of this ruling the Court does not address the Defendants' alternative arguments that Fitzgerald and Cline were entitled to qualified immunity. In addition, the Court need not address the arguments of whether Plaintiff failed to mitigate his damages or was entitled to reinstatement as a remedy.

to exclude (doc. no. 33) is DISMISSED as moot.  The Clerk is instructed to issue a judgment in favor of the Defendants that Plaintiff take nothing and that his claims are dismissed on the merits. Defendants shall submit their Bill of Costs within 14 days in the form directed by the Clerk should they desire to pursue these costs.

It is so ORDERED.

SIGNED this 14th day of February, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE